NORTHERN DISTRICT OF TEXAS
FILED

JAN 17 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

INSURANCE COMPANY OF THE STATE       §
OF PENNSYLVANIA, ET AL.,             §
                                     §
          Plaintiffs,                §
                                     §
VS.                                  §     NO. 4:12-CV-439-A
                                     §
SABRE, INC., ET AL,                  §
                                     §
          Defendants.                §

MEMORANDUM OPINION
and
ORDER

Now pending before the court is the motion to dismiss or,
alternatively, to abstain from deciding case, filed by
defendants, Sabre, Inc., Sabre Holdings Corporation, and Sabre
Travel International, Ltd. d/b/a Sabre Travel Network
(collectively, "Sabre").  Plaintiffs, Insurance Company of the
State of Pennsylvania ("ICSP") and Chartis Specialty Insurance
Company ("Chartis") (collectively the "Insurers"), filed a
response, and Sabre filed a reply.  Having considered all of the
parties' filings, as well as the applicable legal authorities,
the court concludes that the motion to dismiss should be granted.

I.

Background

In 2010, ICSP issued Commercial General Liability ("CGL") policy number GL 714-62-42 to Sabre, and Chartis issued to Sabre Specialty Risk Protector ("SRP") policy number 01-615-75-03. Sabre was subsequently named as defendant in two lawsuits: <u>American Airlines, Inc. v. Sabre Inc., et al.</u>, Cause No. 067-249214-10, in the District Court of Tarrant County, 67th Judicial District, and <u>American Airlines, Inc. v. Sabre, Inc., et al.</u>, Civil Action No. 4:11-CV-244-Y, in the United States District Court for the Northern District of Texas (collectively, "American Airlines Litigation").

Sabre contends it tendered the American Airlines Litigation to the Insurers, and that Chartis agreed to provide a defense under the SRP policy subject to a reservation of rights. After receiving no payments under the policies, Sabre on June 26, 2012, sued the Insurers in the Supreme Court of New York in Manhattan ("New York Action"). In the New York Action Sabre asserted claims and causes of action against the Insurers for breach of the CGL and SRP policies, for alleged violations of the Texas Insurance Code, and sought a declaratory judgment that the Insurers owe a duty to defend and indemnify Sabre in the American Airlines Litigation.

2

On June 28, 2012, the Insurers filed the instant declaratory judgment action ("Federal Action") alleging essentially the same facts concerning the CGL and SRP policies and the American Airlines Litigation.  The Federal Action seeks a declaration of the rights and obligations of the parties pertaining to the CGL and SRP policies and the American Airlines Litigation.

II.

Grounds of the Motion

Sabre contends that because the same parties are engaged in earlier-filed litigation of the same claims in state court, specifically, in the New York Action, the federal Anti-Injunction Act, 28 U.S.C. § 2283, deprives this court of jurisdiction to decide the Federal Action.  Alternatively, Sabre argues that the court should exercise its discretion to abstain from deciding the Insurers's declaratory judgment action.

III.

Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other relations of any interested party seeking such declaration."  In determining whether to decide a declaratory judgment action, the

3

court must ascertain: (1) if the declaratory action is
justiciable; (2) if the court has the authority to grant the
requested declaratory relief; and (3) whether the court should
exercise its discretion to decide or dismiss the declaratory
judgment action.  Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d
891, 895 (5th Cir. 2000).  Once the district court concludes that
the action is justiciable and that it has the authority to grant
relief, the court looks to the factors in Brillhart v. Excess
Insurance Co. of America, 316 U.S. 491 (1942), as enumerated by
the Fifth Circuit in St. Paul Insurance Co. v. Trejo, 39 F.3d 585
(5th Cir. 1994), to determine whether to exercise its discretion
to decide the action or dismiss it.  Sherwin-Williams Co. v.
Holmes Cnty., 343 F.3d 383, 388, 390 (5th Cir. 2003).

     The parties apparently do not dispute that the
justiciability requirement is satisfied.  As to the second
requirement, the district court has no authority to consider a
declaratory judgment action when:  "(1) the declaratory defendant
previously filed a cause of action in state court; (2) the state
case involved the same issues as those in the federal court; and
(3) the district court is prohibited from enjoining the state
proceedings under [the Anti-Injunction Act]."  Id., 343 F.3d at
388 n.1 (citing Travelers Ins. Co. v. La. Farm Bureau Fed'n,
Inc., 996 F.2d 774, 776 (5th Cir. 1993)).  For the court to issue

4

a declaratory judgment under such circumstances "would be
antithetical to the noble principles of federalism and comity."
Travelers, 996 F.2d at 776 (citation omitted).

There appears to be no dispute as to the first two
requirements: Sabre previously filed a state court suit, and the
New York Action involves the same issues as those in the Federal
Action.  Thus, the dispute centers on whether the Anti-Injunction
Act prohibits the court from proceeding to consider the
declaratory judgment sought by the Federal Action.  The
Anti-Injunction Act provides:

> A court of the United States may not grant an
> injunction to stay proceedings in a State court except
> as expressly authorized by Act of Congress, or where
> necessary in aid of its jurisdiction, or to protect or
> effectuate its judgments.

28 U.S.C. § 2283.  The exceptions listed in the Act are
exclusive, and if none applies, then the Act establishes "an
absolute prohibition" on enjoining state court proceedings.
Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 3 F.3d 877, 885
(5th Cir. 1993).

The Fifth Circuit follows "the weight of authority in
holding that [i]f an injunction would be barred by § 2283, this
should also bar the issuance of a declaratory judgment that would
have the same effect as an injunction."  Tex. Emp'rs Ins. Ass'n
v. Jackson, 862 F.2d 491, 506 (5th Cir. 1988)(en banc)

(alteration in original) (internal quotation marks and citation omitted). "The Fifth Circuit has decided that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction--providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act." Travelers, 996 F.2d at 776 (citing Jackson, 862 F.2d at 506). Thus, the court must determine if the Anti-Injunction Act would prevent issuance of an injunction under the particular facts of this case, and if a declaratory judgment would have the same effect as an injunction.

The Insurers do not contend that any of the exceptions to the Anti-Injunction Act apply here. Instead, the Insurers rely on a district court opinion from the Western District of Louisiana, Texaco, Inc. v. Duhe, 44 F. Supp. 2d 809 (W.D. La. 1998), to argue that the "Anti-Injunction Act, as applied in Jackson, has absolutely no application to the present case." Pls.' Resp. to Defs.' Mot. to Dismiss ("Pls.' Resp.") at 8. Rather than explain how Jackson and its progeny support their contention, however, the Insurers contend that the strong connections of this case to Texas--for example, Sabre is principally located in Texas and the American Airlines Litigation is pending in Texas--should carry the day. Whatever the strength of the purported Texas connections may be, the Insurers have

6

cited no authority for the proposition that such connections play any role in determining whether the Anti-Injunction Act applies to a particular case.

Relying on Texaco, the Insurers also contend that courts have narrowed Jackson to "two major categories: (1) cases in which a litigant sought through federal relief to interfere with a pending state proceeding, and (2) cases in which a litigant resorted to federal court in an effort to invalidate, or prevent enforcement, of a state court judgment." Id. at 7 (citing Texaco, 44 F. Supp. 2d at 814). The only authority cited in Texaco for this conclusion is a district court opinion from the Eastern District of Pennsylvania, Garrett v. Hoffman, 441 F. Supp. 1151, 1155 (E.D. Pa. 1977). Assuming that Texaco's two-category assessment is correct, however, the Insurers have placed the Federal Action squarely within the first category: the response tacitly acknowledges that by filing the Federal Action the Insurers have interfered with the New York Action, and in any event such interference is amply demonstrated by the motion to dismiss the Insurers filed in the New York Action seeking dismissal of that action based on the pending Federal Action.

In Travelers, the Fifth Circuit recognized "a very small class of highly distinguishable cases which are exceptions" to the rule in Jackson. Travelers, 996 F.2d at 776. In Travelers

the declaratory plaintiff/insurer faced potential litigation by
approximately seventeen different parties who could have sued it
in "multitudinous forums in Louisiana and Mississippi." Id. at
777.  The declaratory plaintiff/insurer filed a declaratory
judgment action in federal court to obtain a single, consistent
resolution of the claims against it in one, rather than multiple,
forums.  Id. at 777-78.  Additionally, the declaratory judgment
defendant seeking to invoke the Anti-Injunction Act had allowed
her state court case to stall at the pleading stage, making no
effort to ask the federal court to give it precedence, while the
federal case progressed through discovery, was "ripe for summary
judgment," and some defendants had been dismissed.  Id. at 777.
Under these circumstances, the Fifth Circuit concluded that the
declaratory judgment defendant had waived her right to assert the
priority of her state court case, so that it fell "outside the
broad parameters of Jackson."  Id. at 778.

     The Insurers do not contend that any of the factors that
caused Travelers to fall outside the rule in Jackson are present
here.  For example, there is no suggestion that the Insurers
filed the Federal Action to avoid a multiplicity of claims in
multiple forums, nor would the facts support such a contention.
Likewise, the Insurers do not, and cannot, claim that Sabre has
waived any right to ask this court to allow the New York Action

8

to proceed.  To the court's knowledge based on the parties'
filings, both cases remain at the pleading stage.  Sabre's first
responsive filing in the Federal Action was the motion to dismiss
or abstain now before the court.  Thus, unlike the declaratory
judgment defendant in <u>Travelers</u>, Sabre, at its first opportunity,
sought to enforce the priority of the New York Action.

The Fifth Circuit also recognized that abstention under
<u>Jackson</u> was not required "where the federal suit is filed
substantially prior to any state suits, significant proceedings
have taken place in the federal suit, and the federal suit has
neither the purpose nor the effect of overturning a previous
state court ruling."  <u>Royal Ins. Co.</u>, 3 F.3d at 886.  No
"previous state court ruling" is at issue here; however, the
Federal Action was filed after, rather than before, the New York
Action, and no proceedings have taken place in the Federal
Action.  Thus, none of the <u>Royal Insurance</u> exceptions would
apply.

The court concludes that none of the statutory exceptions to
the Anti-Injunction Act are present here, and that § 2283 would
bar the court from enjoining the New York Action.  Here, the
court is faced with a first-filed state court action involving
the same parties and same claims as those in a later-filed
federal case.  None of the facts are present here that have

9

caused the Fifth Circuit to find <u>Jackson</u> inapplicable.  The court
is satisfied that granting declaratory relief in the Federal
Action would have the same effect as an injunction on the state
court proceedings in the New York Action.  "A federal declaratory
judgment will, of course, be <u>res judicata</u> of the state suit, thus
resolving it as surely as an injunction, and in any event the
declaratory judgment can itself be enforced by injunction under
28 U.S.C. § 2202 pursuant to the 'protect or effectuate'
exception to section 2283."  <u>Jackson</u>, 862 F.2d at 505.  Because §
2283 would bar this court from enjoining the New York Action, the
court is also barred from considering the request for declaratory
relief in the Federal Action.  <u>Id.</u> at 506.

Having determined that authority to decide the case is
lacking, as required under the second part of the test in <u>Orix
Credit Alliance</u>, the court need not consider whether to exercise
its discretion to decide or dismiss the request for declaratory
judgment in the Federal Action.

IV.

<u>Order</u>

Therefore,

The court ORDERS that Sabre's motion to dismiss be, and is
hereby, granted, and that all claims and causes of action brought

by the Insurers in the above-captioned action be, and are hereby,

dismissed.

     SIGNED January 17, 2013.

                                JOHN McBRYDE
                                United States District Judge